Josephine Croteau
vs. Eq. No. 10053.
Napoleon Croteau

April 25, 1930.

BLODGETT, P. J. Heard upon bill and answer.

The bill is brought by the wife of respondent and prays that respondent be declared to be a trustee for the benefit of complainant of one-half of the furniture and good will of a rooming house business in the city of Providence; that a dissolution of the common enterprise be ordered and a sale made of the common property and an accounting be had between complainant and respondent.

December 14, 1927, Katherine W. Guest, at that time owner of the fur-

niture in a rooming house at 285 and 287 Washington street, Providence, executed a bill of sale of same to Napoleon Croteau, the respondent, for $3,500.

December 14, 1927, complainant and respondent executed a mortgage of the personal property described in said bill of sale to Katherine W. Guest for $1,500, the description being for certain articles of "personal property now in our possession and now in house numbered 285 and 287 Washington street in the city of Providence." The parties further avow that they are the lawful owners of said goods and chattels. Subsequently a dispute arose between the mortgagors and mortgagee as to certain misrepresentations claimed to have been made by the mortgagee, and a bill in equity was brought by Napoleon Croteau and Josephine against said Guest for the cancellation of said mortgage.

This litigation was settled by an agreement in writing (Complt's Ex. 3) signed by all three parties making the amount due on said mortgage $900 in place of $1,500. This mortgage was subsequently paid from the income of the rooming house. The complainant for a long period took charge of said rooming house, collected the rents, paid bills and claims to have performed much, if not all, of the manual labor for the care of the house, her husband being engaged at work in a mill.

There is no question that the husband contributed his earnings during this period to the payment of said mortgage and the maintenance of the property.

The Court is of the opinion that the conduct of the parties in executing the mortgage and agreement named, at the time the same were executed looked upon the business as a common enterprise and carried the same on as a common enterprise. The complainant claims to have contributed five hundred dollars of her own funds at the time of purchase.

Respondent claims to have contributed an amount making the cash payment at time of the parties taking possession as $2,000. The balance of the purchase price came from the income derived from rents.

The Court is of the opinion that the business was carried on as a common enterprise.

A decree may be entered referring same to a master, directing a sale of said property, and that said master take an accounting between the parties as to the respective interests of said parties in the premises.

For complainant: Harlon & Boudreau.

For respondent: McElroy & Fallon.